**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**L.W. MATTESON, INC.,**

                    **Plaintiff,**                    10-CV-0168S(Sr)

v.

**SEVENSON ENVIRONMENTAL**
**SERVICES, INC.,**

                    **Defendant.**

---

## DECISION AND ORDER

In accordance with 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this case, including entry of final judgment.  Dkt. #100.

Currently before the Court is plaintiff L.W. Matteson, Inc.'s ("Matteson's"), motion, pursuant to Rule 56(g) of the Federal Rules of Civil Procedure, seeking a declaration of issues remaining for determination at trial.  Dkt. #105.  Specifically, Matteson seeks a declaration that: (1) the only remaining factual issue concerns the number of 100% pay time hours; (2) if any 100% pay time hours were charged when no material was moving through the line, Matteson is still entitled to receive 70% pay time for such hours; (3) Matteson is entitled to 12% interest on the unpaid balance of hours; and (4) defendant Sevenson Environmental Services, Inc.'s ("Sevenson's"), recent payment of $2,650,000 is applicable first to interest and then to principal.  Dkt. #105.

Sevenson opposes the motion in its entirety. Dkt. #117. Specifically, Sevenson argues that: (1) Matteson has not submitted evidence in admissible form to establish that it is entitled to compensation for those instances in which it billed Sevenson at either the 70% or the 40% pay rates; (2) plaintiff is not necessarily entitled to receive 70% pay when water was being pumped, but is only entitled to compensation at the 70% rate if it was performing tasks specified in the purchase order; (3) Section 756-a of New York's General Business Law does not apply because the Tennessee Valley Authority ("TVA"), is a public authority and because Sevenson afforded Matteson timely and proper notice of its disapproval of Matteson's invoices; and (4) Sevenson's payment should be applied to the principal because the contract does not call for interest to be assessed to unpaid invoices. Dkt. #117.

In reply, Matteson argues that: (1) Sevenson admitted that it verified the hours and pay categories contained in the invoices and has only challenged the number of hours charged at 100% on the ground that the dredge may have been pumping water rather than material during some of these hours; (2) because the purchase order is clear that Matteson is entitled to some percentage of payment except in the event of operating repairs and mechanical breakdowns in excess of two hours, Matteson is entitled to 70% payment if the pump was operating but not moving material; (3) the TVA is not exempt from Section 756-a of New York's General Business Law and Sevenson failed to plead good faith and reasonable conduct as an affirmative defense and any attempt to raise the issue now would be futile given that Sevenson unreasonably substituted a payment schedule based on production; and (4) case law is clear that payments are first applied to interest and then to principal. Dkt. #132.

Rule 56(g) of the Federal Rules of Civil Procedure, as amended in 2010, provides that

> If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case.

The Advisory Committee notes opine that once the Court has discharged its duty to determine whether summary judgment is appropriate with respect to each claim, defense, or part of a claim of defense identified in the motion, "the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute." However,

> If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

As to the first issue, the Court notes that in response to Matteson's Statement of Material Facts, Sevenson stated that it "has never admitted that Matteson has earned the amounts plaintiff claims is due." Dkt. #44, ¶ 28. However, Sevenson has admitted owing $625,000 for mobilization and $310,000 for demobilization of the dredge (Dkt. #44, ¶ 25); $55,000 for mobilization of the booster pump (Dkt. #44, ¶ 26); and $10,122.30 for purchase of a 24 inch pipeline. Dkt. #44, ¶ 27. Moreover, with respect to dredge and booster pump rental hours, Sevenson stated that "Sevenson and

-3-

Matteson are in disagreement as to the number of hours attributable to each category of payment, with the exception of the hours of downtime due to the weather (40% rate)." Dkt. #44, ¶ 44.  Accordingly, Matteson's invoice of $82,872.80 for 40% pay time is established.  That leaves the following items set forth in Matteson's Statement of Material Facts[1] at issue:

<u>Dredge Rental</u>

| | | |
|---|---|---|
| 100% Pay time | 1,709.96 hours | $3,590,916.00 |
| 70% Pay time | 776.01 hours | $1,140,734.70 |

<u>Booster Pump Rental</u>

| | | |
|---|---|---|
| 100% Pay time | 1,709.96 hours | $ 269,920.00 |
| 70% Pay time | 776.01 hours | $ 88,830.00 |

<u>Additional Fuel Costs</u>      $ 95,359.59

Dkt. #31, ¶¶ 26 & 44; Dkt. #44, ¶¶ 26 & 44.

Judge Skretny's summary judgment decision determined that Matteson had failed to establish as a matter of law the accuracy of the dredge logs utilized by Matteson as the basis for its calculation of rental charges.  Accordingly, it is Matteson's burden at trial to establish the accuracy of the dredge logs and the corresponding rental charges, and that any additional charges not admitted to by Sevenson, were properly

---

[1] Matteson's 56(g) motion also includes $25,312.50 for a 20" HDPE Pipeline with flanges and $5,200.00 for a rubber hose in its itemization of the amount due.  Dkt. #106, p.4. It is unclear whether these charges are also at issue.

incurred pursuant to the terms of the purchase order.  Thus, to the extent that Sevenson possesses admissible evidence to challenge the accuracy of Matteson's dredge logs and suggest to the jury that Matteson billed Sevenson at the 100% rate regardless of whether material was being pumped, it is for the jury to determine whether some of the hours billed at the 100% rate were more appropriately within the scope of the 70% rate or whether they should have been billed at all.  Similarly, assuming Sevenson presents admissible evidence challenging the accuracy of the dredge logs, it is for the jury to determine if Matteson billed Sevenson at the 70% rate even when it was not performing the tasks encompassed within that billing rate.

Judge Skretny denied Matteson's motion for summary judgment with respect to the New York Prompt Payment Law cause of action on the ground that resolution of this claim was dependent upon the outcome of the breach of contract claim.  Dkt. #73, p.15.  As relevant to the instant case, Section 756-b(1)(b) of New York's General Business Law provides that "if any interim or final payment to a subcontractor is delayed beyond the due date established in [the contract], the contractor . . . shall pay its subcontractor interest, beginning on the next day, at the rate of one percent a month or fraction of a month on the unpaid balance."  More specifically, section 756-a(b)(i) provides that "[p]erformance by a subcontractor in accordance with the provisions of its contract shall entitle it to payment from the party with which it contracts."  As a result, if the jury finds that Sevenson breached the contract by failing to pay Matteson in accordance with the terms of the contract, Sevenson will be liable under New York's Prompt Payment Law.

Contrary to Sevenson's argument in opposition to this motion, and in accordance with Judge Skretny's recognition that "Sevenson has no response to the fact that the PO does not contain minimum staffing or production levels, that the merger clause precludes warranty defenses, that the agreement already provided for pay exceptions for faulty equipment, and that Sevenson failed to exercise its right to terminate Matteson until the dredging operations were completed," (Dkt. #73, p.16), Sevenson has failed to demonstrate any basis for a jury to find that Sevenson reasonably believed that Matteson's allegedly unsatisfactory rate of production justified disapproving payment of the invoices presented.

Moreover, the Court notes that in response to Matteson's Statement of Material Facts, Sevenson admitted that the TVA is a corporate agency and instrumentality of the United States. Dkt. #72, ¶4. Accordingly, the TVA is not within the statute's exclusion for contracts "made and awarded by the state, any public department, any public benefit corporation, any public corporation or official thereof, or a municipal corporation or official thereof.

> The general rule is that in the absence of an agreement providing otherwise payment upon a debt consisting of principal and interest not actually applied by the debtor or creditor is first applicable to the interest due and then to the principal. This rule applies equally whether the debt be one which expressly draws interest or a debt upon which interest is given as damages.

*Shepard v. City of New York*, 216 N.Y. 251, 256 (1915) (internal citations omitted); *See Spang Indus., Inc. v. Aetna Cas. & Sur. Co.*, 512 F.2d 365, 371-72 (1975) ("when

partial payments have been made, the payment must be applied first to the interest then due, with the surplus discharging the principal *pro tanto*."). As the payment at issue was made on January 13, 2012 (subsequent to the complaint demanding interest and a summary judgment decision recognizing Matteson's claim for interest), and represented that it was being made for principal and interest, Matteson's application of the funds first to interest and then to principal is appropriate.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**May 23, 2013**

 *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**